IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| POLARIS AT LAKE CITY, LLC, by and through, AXIS RESIDENTIAL, LLC, | No. 88601-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| KELSEY THRUSH, | |
| Appellant, | |
| and | |
| ALL OTHER OCCUPANTS, | |
| Defendants. | |

HAZELRIGG, C.J. — Kelsey Thrush appeals from the trial courts order that denied her motion for attorney fees after she was dismissed from an unlawful detainer action. Because the trial court was within its discretion to deny her request, we affirm.

FACTS

On January 7, 2025, landlord Polaris at Lake City LLC, by and through its property manager Axis Residential LLC (collectively Polaris), issued a notice to Kelsey Thrush and all other occupants of one of its apartments to pay the past due rent or vacate. The notice informed Thrush that she had not complied with the terms of the lease agreement because she owed $150 in rent from the preceding

three consecutive months and nonpayment of rent within 30 days of the notice would result in termination of the lease on February 7. Shortly after the termination date, Polaris served the occupants with a summons and complaint for unlawful detainer. Polaris alleged that Thrush and the other occupants were in possession of the property, had been served with a notice to repay unpaid rent or vacate, and "refused to pay rent and refused to surrender the right to possess the [p]roperty." Polaris requested damages in the amount of past due rent, an order that terminated the tenant's right of possession, and a writ of restitution to restore Polaris' possession of the property. On March 6, the other occupants, Johnathon Haag and Samantha Wagner, sent a handwritten notice of appearance to Polaris. The notice informed Polaris that they were "catching up on back rent paying [$]100 of the [$]150 owed" and would be "continuing tenancy until otherwise notified." Polaris filed this notice with the trial court on their behalf.

On April 20, Thrush answered Polaris' complaint and admitted that she had "rented the property . . . pursuant to the terms of a written lease" but denied that she was in possession of the property. Thrush alleged that during "the lease term, at least two unauthorized individuals who [she] did not know entered onto the [p]roperty without [her] consent" and, while she had called law enforcement to have them removed, when they arrived the "police failed to remove the unauthorized occupants and instead arrested" her.

On April 22, the trial court set a show cause hearing for May 9. On May 5, Thrush moved to dismiss the compliant for unlawful detainer on the basis that "the primary issue of the right to possession of the premises [wa]s moot" because she

had "vacated the premises, ha[d] no intention of returning, and [wa]s no longer asserting a right to possession of the premises." She further explained that she had "explicitly disclaimed possession of the unit."

The two tenants in possession of the property, Wagner and Haag, were present at the May 9 show cause hearing. Polaris stated that it was willing to agree to an order of limited dissemination as to Thrush, but it did not want to dismiss action against her outright because she still had the right to possession and, it explained, did not "want to ruin [its] chances of continuing on with the eviction of the . . . squatters, for lack of a better term." Thrush replied that she would still be harmed by the issuance of a writ of restitution, even with an order for limited dissemination, and that it was "just not factually accurate to be including her as a defendant in this case. . . because [she was] not in possession nor gave permission to the squatters to have possession of the property." The hearing was ultimately rescheduled to May 12.

When the show cause hearing resumed a few days later, Polaris called the community manager at the subject apartment complex as a witness. The community manager confirmed Thrush's lease, the fact that Thrush was not in possession of the property, and certain facts as to Haag and Wagner; they were still in possession of the unit, had shown no intention to leave, and had not paid rent. The trial court issued its ruling at the conclusion of the hearing, stated it would dismiss Thrush from the unlawful detainer action, and indicated that it would issue a writ of restitution as to Haag and Wagner. On May 15, the trial court entered findings of fact and conclusions of law and judgment in favor of Polaris; the orders

dismissed Thrush, concluded that Haag and Wagner were "liable for unlawful detainer," terminated their right to possession, and issued a writ of restitution to Polaris.

On May 22, Thrush moved for an award of attorney fees and costs pursuant to RCW 59.18.290(1) and the terms of the lease agreement. She argued that she was "the prevailing party because the suit was dismissed against her" which meant RCW 59.18.290(1) and a section of the lease that "entitle[d] the prevailing party to recover reasonable attorney fees in a legal action to enforce the agreement," authorized such an award. Polaris responded that "RCW 59.18.290 specifically applies to situations where the landlord removes the tenant from the premises without a court order or where the tenant holds over the premises" and explained this did not occur because "Thrush left the [p]roperty on her own." Polaris also disagreed with Thrush's contention that she was the prevailing party because Polaris had consented to her dismissal "while proceeding *and* prevailing with the eviction against the other defendants." On July 23, the trial court entered an order that denied Thrush's motion for attorney fees.

Thrush timely appealed.

ANALYSIS

I. Attorney Fees in Trial Court

Thrush contends that she prevailed when Polaris voluntarily dismissed her from the suit and, therefore, "the trial court therefore erred in denying Ms. Thrush's attorney fees despite her prevailing" in the unlawful detainer action. Polaris

- 4 -

responds that "Thrush was not the prevailing party" because Polaris prevailed "insofar as [it] obtained full possession of the [p]roperty through Thrush's surrender and an order for writ of restitution against the remaining occupants."

We review de novo the legal basis for an award of attorney fees in the trial court. *Garrand v. Cornett*, 31 Wn. App. 2d 428, 451, 550 P.3d 64 (2024). We "review a trial court's discretionary decision to award or deny attorney fees and the reasonableness of that award for an abuse of discretion." *Id.* The trial court's decision on an award of attorney fees will only be reversed if it "exercised its discretion on untenable grounds or for untenable reasons." *Pham v. City of Seattle*, 159 Wn.2d 527, 538, 151 P.3d 976 (2007). In our state "each party in a civil action will pay its own attorney fees and costs. But the trial court may award attorney fees when authorized by 'contract, statute, or a recognized ground in equity.'" *Berryman v. Metcalf*, 177 Wn. App. 644, 656, 312 P.3d 745 (2013) (citation omitted) (quoting *Cosmo. Eng'g Grp., Inc. v. Ondeo Degremont, Inc.*, 159 Wn.2d 292, 297,149 P.3d 666 (2006)). "Reasonable attorney fees are recoverable in unlawful detainer cases where authorized by the [Residential Landlord-Tenant Act of 1973]." *Orchard on the Green, LLC v. Hawkins*, No. 60509-1-II, slip op. at 4 (Wash. Ct. App. June 16, 2026) https://www.courts.wa.gov/opinions/pdf/D2%2060509-1-II%20Published%20Opinion.pdf.

A.      Attorney Fees Pursuant to RCW 59.18.290(1)

Thrush first asserts that the trial court erred when it denied her request for attorney fees because RCW 59.18.290(1) entitles her to such an award. Polaris responds that "the trial court did not abuse its discretion in declining to award

attorney fees under RCW 59.18.290" because Thrush was not the prevailing party. Polaris is correct.

> RWC 59.18.290(1) provides that it is

> unlawful for the landlord to remove or exclude from the premises the tenant thereof except under a court order so authorizing. Any tenant *so removed or excluded* in violation of this section may recover possession of the property or terminate the rental agreement and, in either case, may recover the actual damages sustained. The prevailing party *may* recover the costs of suit or arbitration and reasonable attorneys' fees.

(Emphasis added.) As a preliminary matter, the statute uses the word "may" as to a fee award, not shall. This clearly reflects a discretionary, as opposed to mandatory, award. *See Spokane County ex rel. Sullivan v. Glover*, 2 Wn.2d 162, 169, 97 P.2d 628 (1940) ("As a general rule, the word 'shall,' when used in a statute, is imperative and operates to impose a duty which may be enforced, while the word 'may' is permissive only and operates to convey discretion."). As to the merits of this argument, RCW 59.18.290(1) "by its plain terms, limits awards of damages and attorney fees to those tenants who have actually been removed or excluded from their property" by the landlord. *Gray v. Pierce County Hous. Auth.*, 123 Wn. App. 744, 760, 97 P.3d 26 (2004).

In a declaration submitted in support of her motion to dismiss, Thrush asserted under penalty of perjury that on the advice of Polaris' property manager, Axis, she contacted law enforcement to remove the unauthorized occupants of her apartment, Haag and Wagner, but when the police responded, she was arrested. She further explained that she was transported directly to an in-patient treatment facility and her ability to communicate was severely limited, so she resorted to

- 6 -

asking her case manager to communicate both that she no longer resided at the apartment and wished to terminate the lease. That third party communication was apparently successful because Thrush also stated that shortly thereafter, she submitted a handwritten request to Axis to terminate the lease that included a release of liability regarding removal of the contents of the apartment, and a signed document agreeing to mutual termination of the lease. In the trial court and in her briefing on appeal, Thrush repeatedly concedes that she disclaimed any right to possession of the apartment in question. She does not assert, nor do any facts support, that Polaris did anything to unlawfully exclude or remove her. At the show cause hearing, Polaris explained that it had proceeded against Thrush because it needed to remove the other occupants from the unit; it then agreed to voluntarily dismiss Thrush from the unlawful detainer and continued to pursue removal of the other occupants. The circumstances contemplated by the statute simply did not occur as Polaris did not remove or exclude Thrush from the premises. Accordingly, RCW 59.18.290(1) does not provide a legal basis on which Thrush could recover attorney fees.

Despite the fact that Thrush was released from any obligation to Polaris based on her dismissal from the unlawful detainer action, she did not prevail in the manner contemplated by RWC 59.18.290(1). "'In Washington, the prevailing party is the one who receives judgment in that party's favor.'" *Sardam v. Morford*, 51 Wn. App. 908, 911, 756 P.2d 174 (1988) (quoting *Blair v. Wash. State Univ.*, 108 Wn.2d 558, 571, 740 P.2d 1379 (1987)). However, we "have repeatedly held that '[w]here both parties prevail on major issues, neither is entitled to attorney fees.'" *Chiu v.*

*Hoskins*, 27 Wn. App. 2d 887, 903, 534 P.3d 412 (2023) (alteration in original) (quoting *Sardem*, 51 Wn. App. at 911), *review denied*, 2 Wn.3d 1018 (2024). Thrush prevailed to the extent that Polaris agreed to her voluntary dismissal from the case and without obtaining a judgment against her for the nonpayment of rent. But Polaris also prevailed in that it obtained a judgment against the two tenants in possession of the unit and a writ of restitution to restore the apartment to its possession. Because, ultimately, Thrush was not burdened by a judgment and Polaris obtained a judgment for damages and a writ of restitution, both parties prevailed on major issues such that neither was entitled to attorney fees. The trial court did not err when it denied Thrush's request for an award of attorney fees on the basis of RCW 59.18.290(1).

B.    Attorney Fees under Lease Agreement

Thrush also avers that her lease with Polaris "entitles the prevailing party to recover reasonable attorney fees" and the trial court erred when it denied her fee request pursuant to its terms. Polaris responds that the provision provides only for a discretionary award, under the terms of the provision it was the prevailing party, and "the trial court's discretionary denial of Thrush's request for attorney fees should be affirmed." We agree.

Again, the trial court may award attorney fees if authorized by a contract. *Berryman*, 177 Wn. App. at 656. The attorney fees provision of the lease agreement reads as follows:

> In the event either party engages, retains or hires an attorney to enforce any provision of this [a]greement, or any obligation under law, including but not limited to the collection of rent and/or other

charges due hereunder, both [o]wner and [r]esidents agree that, to the fullest extent permissible by law, court costs, prejudgment interest at the judgment rate from the date of default, and *reasonable attorney's fees may be awarded to the prevailing party*, even if no case is filed with the courts. If the matter is not filed in court, both parties agree that the prevailing party is entitled to be compensated upon demand of the other party. *Owner shall be deemed the prevailing party if the action voluntarily is halted by [o]wner prior to judgment*, or if the case is not filed, prior to filing, on the basis that [o]wner accepted from [r]esidents of all or part of the amounts alleged to be owing, *or on the basis that [r]esidents vacated the [l]eased [p]remises.* An eviction or unlawful detainer action shall be considered an action relating to this [a]greement and thus subject to this provision.

(Emphasis added.)

Here, the lease does not grant to the prevailing party an absolute right to attorney fees because the use of the word "may" indicates that the award is discretionary. *See Agnew v. Lacey Co-Ply*, 33 Wn. App. 283, 289, 654 P.2d 712 (1982). Further, the lease expressly states that Polaris is the prevailing party "if the action is voluntarily halted" because "[r]esidents vacated the [l]eased [p]remises." This provision of the lease binds the parties in the present action because it explicitly states than an "unlawful detainer action shall be considered an action relating to [the lease] and thus subject to this provision." This is the exact scenario presented in this case. Polaris agreed to voluntarily dismiss the unlawful detainer action against Thrush because she had vacated the unit. However, as explained in Part I.A, *supra*, neither Thrush nor Polaris prevailed on the merits as between them and, even if the lease agreement provides for a discretionary award, the trial court was not bound to order one. Given the procedural facts between

these parties, the trial court was well within its discretion to decline an award of attorney fees to Thrush based on the terms of the lease.[1]

II.      Attorney Fees on Appeal

Finally, Thrush seeks attorney fees on appeal if we "reverse the denial of attorney fees from the [t]rial [c]ourt."  Polaris also requests an award of attorney fees, pursuant to the terms of the lease, because "Thrush has misrepresented both statutory and contractual language to argue the trial court was *required* to award *mandatory* legal fees to Thrush" and "this appeal and the legal fees incurred by [Polaris] could have been avoided."

RAP 18.1 authorizes an award of attorney fees on appeal if the party seeking fees devotes a section of its brief to the request and if "applicable law grants to a party the right to recover reasonable fees or expense on review."  "A party may be awarded attorney fees based on a contractual fee provision at the trial and appellate level."  *AURC III, LLC v. Point Ruston Phase II, LLC*, 3 Wn.3d 80, 97, 546 P.3d 385 (2024).  Our state Supreme Court has held that RCW 59.18.290 entitles the prevailing party to attorney fees on appeal.  *Faciszewski v. Brown*, 187 Wn.2d 308, 324, 386 P.3d 711 (2016).  Further, as to the specific framing of Polaris' request for fees on appeal, we may award fees as a sanction.  RAP 18.9(a).

---

[1] In briefing, Thrush also contends that the trial court erred in failing to apply a lodestar analysis to determine the reasonableness of her fee request.  However, because the trial court did not err as to its decision that denied Thrush's request for a fee award, it similarly did not err with regard to the lodestar analysis.  It stands to reason that the court need not engage in an assessment of reasonableness of the fees sought if it either finds no legal basis to make an award or simply exercises its decision not to.

Because we have concluded that Thrush is not the prevailing party, she is not entitled to attorney fees on appeal. Further, as the attorney fee provision contained in the lease is discretionary and not mandatory, we exercise our discretion and similarly decline an award of fees to Polaris.

Affirmed.

WE CONCUR:

Mann, J.

, ACJ